

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00015-CV

---

SHERI TAYLOR, Appellant

V.

MELODY ANN NORTON, Appellee

---

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 23C1418-CCL

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

In this case, Sheri Taylor filed an interlocutory appeal from the trial court's order denying her motion to vacate a temporary ex parte protective order issued under Chapter 83 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 83.001–.006, § 83.007 (Supp.). Because we lack jurisdiction, we dismiss this interlocutory appeal.

## I.    Background

Melody Ann Norton filed an application for protective order and ex parte relief and sought protection of her grandmother, Sylvia Mae Hatridge, from alleged abuse and family violence by Taylor. *See* TEX. FAM. CODE ANN. § 81.001 (Supp.),[1] §§ 82.009,[2] 83.001. The trial court entered a temporary ex parte protective order against Taylor on December 20, 2023. *See* TEX. FAM. CODE ANN. § 83.001.[3] In response, Taylor filed her motion to vacate the temporary ex parte protective order pursuant to Section 83.004 of the Texas Family Code and challenged the trial court's jurisdiction to enter the temporary ex parte protective order.[4] *See* TEX. FAM. CODE ANN. § 83.004. Taylor argued that Norton lacked standing to file an application because she was neither a member of Hatridge's household under Sections 71.005 and 71.006 of the

---

[1]Section 81.001 provides, "A court shall render a protective order as provided by Section 85.001(b) if the court finds that family violence has occurred." TEX. FAM. CODE ANN. § 81.001.

[2]Under Section 82.009, an applicant may "request[] the issuance of a temporary ex parte order under Chapter 83." TEX. FAM. CODE ANN. § 82.009(a).

[3]Under Section 83.001, "If the court finds from the information contained in an application for a protective order that there is a clear and present danger of family violence, the court . . . may enter a temporary ex parte order for the protection of the applicant or any other member of the family or household of the applicant." TEX. FAM. CODE ANN. § 83.001(a).

[4]"If a plaintiff lacks standing to assert a claim, then a court has no jurisdiction to hear it." *Bray v. Fenves*, No. 06-15-00075-CV, 2016 WL 3083539, at *4 (Tex. App.—Texarkana Mar. 24, 2016, pet. denied) (mem. op.) (citing *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012)).

Texas Family Code, nor was she related to Hatridge by affinity or consanguinity, as defined by Section 71.003 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 71.003, 71.005, 71.006, 83.004; *see also* TEX. FAM. CODE ANN. § 82.002(a) (providing, as applicable here, that "[w]ith regard to family violence . . . , an adult member of the family or household may file an application for a protective order to protect . . . any other member of the applicant's family or household"). After a hearing, the trial court denied the motion on February 15, 2024.[5]

## II.    We Do Not Have Jurisdiction Over this Interlocutory Appeal

We "have jurisdiction over final judgments and interlocutory orders made appealable by statute." *Est. of Lopez*, No. 06-23-00065-CV, 2023 WL 5950130, at *1 (Tex. App.—Texarkana Sept. 13, 2023, no pet.) (mem. op.) (citing *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014). "A departure from the final judgment rule in the form of an interlocutory appeal must be strictly construed because it is 'a narrow exception to the general rule that interlocutory orders are not immediately appealable.'" *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019) (quoting *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)).

The Texas Family Code permits an appeal from "a protective order *rendered* under" subtitle B of title 4 of that Code. TEX. FAM. CODE ANN. § 81.009(a) (emphasis added). A trial court *renders* a protective order under Section 85.001 of the Texas Family Code "[a]t the close

---

[5]Immediately after the trial court orally denied the motion to vacate, it began the hearing on Norton's application for a protective order. After taking testimony from three witnesses, the trial court recessed the hearing until a later date that was to be determined. Apparently, that hearing has not been concluded because of the pendency of this appeal. We note, however, that an interlocutory appeal asserted under Section 51.014(a)(4) or in a suit brought under the Texas Family Code does *not* "stay[] the commencement of a trial in the trial court pending resolution of the appeal." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (Supp.).

3

of a hearing on an application for a protective order, . . . [i]f the court finds that family violence has occurred." TEX. FAM. CODE ANN. § 85.001(a), (b)(1) (Supp.);[6] *see* TEX. FAM. CODE ANN. § 85.022 (Supp.); *see also* TEX. FAM. CODE ANN. § 81.001. In contrast, a temporary ex parte protective order is *entered* based on "the information contained in an application for a protective order . . . [and] without further notice to the individual alleged to have committed family violence and without a hearing." TEX. FAM. CODE ANN. § 83.001(a).[7] As a result, Section 81.009 permits appeals from protective orders rendered under Section 85.001, but not from temporary ex parte protective orders entered under Section 83.001. *See Watts v. Adviento*, No. 02-17-00424-CV, 2019 WL 1388534, at *2 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.)

---

[6]Section 85.001 provides:

> (a)     At the close of a hearing on an application for a protective order, the court shall find whether family violence has occurred.
>
> (b)     If the court finds that family violence has occurred, the court:
>
> > (1)     shall *render* a protective order as provided by Section 85.022 applying only to a person found to have committed family violence; and
> >
> > (2)     may *render* a protective order as provided by Section 85.021 applying to both parties that is in the best interest of the person protected by the order or member of the family or household of the person protected by the order.

TEX. FAM. CODE ANN. § 85.001(a), (b) (emphasis added).

[7]Section 83.001 provides:

> (a)     If the court finds from the information contained in an application for a protective order that there is a clear and present danger of family violence, the court, without further notice to the individual alleged to have committed family violence and without a hearing, may *enter* a temporary ex parte order for the protection of the applicant or any other member of the family or household of the applicant.

TEX. FAM. CODE ANN. § 83.001(a) (emphasis added).

(per curiam) (mem. op.) ("Family code section 81.009 governs an appeal from a protective order rendered under sections 81.001 and 85.001." (citing TEX. FAM. CODE ANN. § 81.009)).

Further, since Taylor's motion to vacate challenged the subject-matter jurisdiction of the trial court, it could be construed as a plea to the jurisdiction. However, Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code only allows appeals from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Because this "exception to the general rule that interlocutory orders are not immediately appealable" is "strictly construed," we lack jurisdiction over interlocutory appeals of orders denying a plea to the jurisdiction, except when the pleas were brought by a governmental unit. *Sabre Travel Int'l, Ltd.*, 567 S.W.3d at 736 (quoting *CMH Homes*, 340 S.W.3d at 447).

Nevertheless, Taylor seeks to prosecute her appeal under Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code. That section permits appeals "from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65" of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

Although she acknowledges that the temporary ex parte protective order purports to be rendered under the Texas Family Code, Taylor argues that, because Norton did not have standing under Section 82.002(a) of the Texas Family Code to obtain a protective order, the temporary ex parte protective order must have been rendered under Chapter 65 of the Texas Civil Practice

5

and Remedies Code. For that reason, she argues, the temporary protective order is appealable under Section 51.014(a)(4). *See* TEX. FAM. CODE ANN. § 82.002(a). Taylor cites no legal authority, and we have found none, that construes a temporary ex parte protective order granted under Section 83.00l of the Texas Family Code as a temporary injunction under Chapter 65 of the Texas Civil Practice and Remedies Code. Also, we note that the trial court granted the temporary ex parte protective order on the ground that "there is a clear and present danger [that Taylor will commit acts] of family violence." *See.* TEX. FAM. CODE ANN. § 83.001(a). Chapter 65 does not authorize the granting of a temporary injunction on such a ground. TEX. CIV. PRAC. & REM. CODE ANN. § 65.011.

Further, the record shows that the temporary ex parte protective order was entered under Section 83.001 of the Texas Family Code, not Chapter 65 of the Texas Civil Practice and Remedies Code. The application for protective order and ex parte relief invoked the trial court's jurisdiction under Section 71.002 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 71.002. It also alleged family violence in terms consistent with the definition of "[f]amily violence" contained in Section 71.004 of the Texas Family Code. TEX. FAM. CODE ANN. § 71.004(a). Also, the application specifically requested the trial court to enter an ex parte protective order under Section 83.001 of the Texas Family Code and attached the affidavit of Norton that "contain[ed] a detailed description of the facts and circumstances concerning the alleged family violence and the need for the immediate protective order," as required by Section 82.009 of the Texas Family Code. TEX. FAM. CODE ANN. § 82.009(a)(1), (2).

6

The temporary ex parte protective order contains the findings and other provisions required for an order issued under Section 83.001 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 83.001. Further, after the trial court entered the temporary ex parte protective order, Taylor's motion to vacate the order stated that it was filed "[p]ursuant to Section 83.004 of the Texas Family Code," which allows "[a]ny individual affected by a temporary ex parte order [entered under Section 83.001 to] file a motion at any time to vacate the order." TEX. FAM. CODE ANN. § 83.004. As previously noted, in the motion to vacate, Taylor only argued that the trial court lacked subject-matter jurisdiction to grant a protective order under Section 83.001 of the Texas Family because Norton lacked standing to obtain a protective order under Section 82.002(a). Finally, on appeal, Taylor asserts in her only issue that the trial court erred because it did not have jurisdiction to enter the temporary ex parte order under Chapters 82 and 83 of the Texas Family Code.[8]

We find that the trial court entered the temporary ex parte protective order under Section 83.001 of the Texas Family Code, not under Chapter 65 of the Texas Civil Practice and Remedies Code.[9]

---

[8]On appeal, Taylor does not assert that the trial court erred in entering a temporary ex parte protective order under Chapter 65 of the Texas Civil Practice and Remedies Code.

[9]Because we do not reach the merits of this appeal, we express no opinion regarding the validity of the trial court's order.

7

## III.    Disposition

Because we lack jurisdiction over this interlocutory appeal, we dismiss the appeal.


                                        Charles van Cleef
                                        Justice

Date Submitted:        September 12, 2024
Date Decided:          September 13, 2024